UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                                :
CHRISTOPHER KELLY and ARLEEN KELLY,                             :
                                                                :
                                         Plaintiff,     :     15 Civ. 00053(CM)
                                                                :
      -against-                                                :     ECF Case
                                                                :
                                                                :
CITY OF NEW YORK, POLICE                                        :
OFFICER EUGENE CHOI, SHIELD #3654,                              :
NEW YORK CITY JOHN AND JANE DOE                                 :
POLICE OFFICERS                                                 :
                                                                :
                                       Defendants.    :
                                                                :
----------------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF ARLEEN KELLY'S CLAIMS WITHOUT PREJUDICE AND FOR LEAVE TO FILE AN AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 41, 15 and 21**

# **TABLE OF CONTENTS**

**PAGE**

I. FACTUAL BACKGROUND ................................................................................................... 1

II. PLAINTIFF ARLEEN KELLY'S CLAIMS SHOULD BE VOLUNTARILY DISMISSED WITHOUT PREJUDICE ............................................................................................................. 4

    A.  Legal Standards on a Rule 41(a)(2) Motion ................................................................. 4

    B.  The Zagano Factors Weight in Favor of Dismissing Plaintiff Arleen Kelly's Claims ........... 4

        1. Plaintiff Arleen Kelly Was Diligent in Bringing this Motion .................................... 4

        2. There Has Been No Undue Vexatiouness ................................................................ 5

        3. The Suit Has Not Progressed to Warrant Denial of Arleen Kelly's Motion ............ 6

        4. There is No Duplicative Expense of Relitigation .....................................................

        5. Arleen Kelly's Explanation for the Need to Dismiss is Adequate ........................... 7

III. PLAINTIFF CHRISTOPHER KELLY'S MOTION FOR LEAVE TO FILES HIS AMENDED COMPLAINT MEETS THE REQUIREMENTS OF FEDERAL RULES OF CIVIL PROCEDURE 15(a)(2) .................................................................................................................. 8

    A.  Legal Standards Governing Leave to Amend ............................................................. 8

    B.  There Is No Undue Prejudice to Defendants ............................................................... 8

    C.  The Proposed First Amended Complaint's Claims Are Not Futile ......................... 10

V. CONCLUSION ...................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*Allen v. Indeck Corinth Limited Partnership,*
  161 F.R.D. 233 (N.D.N.Y. 1995) .................................................................................................. 7

*Ascentive, LLC v. Opinion Corp.,*
  2012 WL 1569573 (E.D.N.Y. May 3, 2012) ....................................................................... 5, 6, 7

*Benitez v. Hitachi Metals America, Ltd.,*
  2012 WL 3249417 (S.D.N.Y. Aug. 6, 2012) ............................................................................... 6

*Blaskiewicz v. County of Suffolk,*
  29 F.Supp.2d 134 (E.D.N.Y. 1998) ............................................................................................. 8

*Block v. First Blood Assocs.,*
  988 F.2d 344 (2d Cir.1993) .................................................................................................. 9, 10

*Catazano v. Wing,*
  277 F.3d 99 (2nd Cir. 2000) .................................................................................................... 5, 6

*Dougherty v. North Hempstead Zoning Bd. of Zoning Appeals,*
  282 F.3d 83 (2nd Cir. 2002) ..................................................................................................... 11

*Fariello v. Campbell*,
  806 F.Supp. 54 (E.DN.Y. 1994) ................................................................................................ 8

*Fernandez v. Windmill Distributing Co.,*
  159 F.Supp.3d ........................................................................................................................... 10

*Foman v. Davis,*
  371 U.S. 178 (1962) .................................................................................................................. 12

*Gap Inc. v. Stone Int'l Tranding, Inc.,*
  169 F.R.D. 584 (S.D.N.Y. 1997) ................................................................................................ 4

*Green v. Wolf Corp.,*
  50 F.R.D. 220) (S.D.N.Y. 1970)) .............................................................................................. 10

*Hinfin Realty Corp. v. Pittston Co.,*
  206 F.R.D. 350 (E.D.N.Y. 2002) ................................................................................................ 6

*Jones v. Sec. & Exch. Comm'n,*
  298 U.S. 1 .................................................................................................................................... 7

*Kwan v. Schlein,*
  634 F.3d 224 (2d Cir. 2011) .................................................................................... 4

*Lawrence v. Starbucks Corp.,*
  2010 WL 4794247 (S.D.N.Y. Dec. 10, 2009) ....................................................... 12

*Littlejohn v. Artuz,*
  271 F.3d 360 (2d Cir.2001) ..................................................................................... 8

*Mabry v. New York City Dep't of Corrs.,*
  2008 WL 619003 (S.D.N.Y. Mar. 7, 2008) ........................................................... 11

*Monahan v. New York City Dep't of Corrs.,*
  214 F.3d 275 (2d Cir.2000) ..................................................................................... 9

*Negron v. Bank of America Corp.,*
  2017 WL 1232717 (S.D.N.Y. Apr. 3, 2017) ............................................................ 7

*Paulino v. Taylor,*
  2017 WL 1080081 (S.D.N.Y. Mar. 15, 2017) ..................................................... 6, 8

*Poloron Prods., Inc. v. Lybrand Ross Bros. and Montgomery,*
  72 F.R.D. 556 (S.D.N.Y. 1976) ............................................................................ 12

*ResQNET.Com, Inc. v. Lansa, Inc.,*
  382 F. Supp. 2d 424 (S.D.N.Y. 2005) ....................................................... 8, 10, 11

*ResQNET.Com, Inc. v. Lansa, Inc.,*
  594 F.3d 860 (Fed. Cir. 2010) ................................................................................ 8

*Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.,*
  748 F.2d 774 (2nd Cir. 1984) ............................................................................... 11

*Schwimmer v. Guardian Life Ins. Co.,*
  1996 WL 146004 (S.D.N.Y. Apr. 1, 1996) ........................................................... 11

*Am. Fed. Of State, Cty. And Mun. Employees Dist. Council 37*
*Health and Security Plan v. Pfizer, Inc.,*
  2013 WL 2391713 (S.D.N.Y. June 3, 2013) ................................................... 4-5, 8

*Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.,*
  2008 WL 4127549 (S.D.N.Y. Sept. 2, 2008) .......................................................... 5

*Soler v. G& U, Inc.,*
  86 F.R.D. 524 (S.D.N.Y. 1980) ............................................................................ 12

*State Teachers Retirement Bd. V. Fluor Corp.,*
  654 F.2d 843 (2nd Dir. 1981) ................................................................................... 9, 10

*Tardif v. City of New York,*
  2015 WL 9257069 ................................................................................................ 9

*Thomas v. N.Y. Dep't of Corr. Servs.,*
  2004 WL 1871060 (S.D.N.Y. Aug.20, 2004) ........................................................... 5

*Weg v. Macciarola,*
  729 F.Supp. 328 (S.D.N.Y. 1990) .......................................................................... 11

*Zagano v. Fordham Univ.,*
  900 F.2d 12 (2d Cir. 1990) ................................................................................... 4, 6

**Rules**

Federal Rules of Civil Procedure 12(b)(6) ............................................................... 21

Federal Rules of Civil Procedure 15(a) ........................................................... 8, 11, 12

Federal Rules of Civil Procedure 15(a)(2) ................................................................ 8

Federal Rules of Civil Procedure 21 ....................................................................... 11

Federal Rules of Civil Procedure 41 ....................................................................... 12

Plaintiff Christopher Kelly respectfully moves the Court, pursuant to Rules 15 and 21 of the Federal Rules of Civil Procedure, for leave to file an Amended Complaint, a copy of which is attached to the accompanying Declaration of Kelly McCullough ("McCullough Decl.") as Exhibit A ("Proposed Amended Complaint"). The new complaint maintains the counts and allegations against the defendants from the original complaint, but identifies additional defendant police officers who were previously identified as officers "John Does" and whose names have been disclosed in discovery since the original complaint was filed.

The Proposed Amended Complaint also omits certain allegations and the causes of action filed on behalf of Plaintiff Arleen Kelly, who respectfully moves this Court, pursuant to Rule 41 of the Federal Rules of Civil Procedure, for voluntary dismissal of her claims in this action.

I.  FACTUAL BACKGROUND

Both the original and Proposed Amended Complaint set forth a full recitation of the facts forming the basis of the action, which arises out of the egregious conduct of the New York City Police Department officers who were dispatched to the Plaintiffs' residence in October 2013. Responding to an emergency phone call, several officers entered the Plaintiffs' home, subjected Plaintiff Christopher Kelly to verbal harassment and extreme physical violence, tasering him past the point of consciousness, beating him bloody to the point he required seven staples and dislocating his shoulder which required eventual surgery. The officers also subjected his wife, Plaintiff Arleen Kelly, to humiliation, forcing her to undress in front of male police officers, and threatened to take the Plaintiffs' children out of her care while they took her to the psychiatric unit of the local hospital and her husband remained bloody and unconscious outside their residence. The charges against Mr. Kelly stemming from the incident were dropped after an adjournment in contemplation of dismissal.

Both Plaintiffs filed Notices of Claim with the Comptroller of the City of New York and underwent examination associated with those claims. No resolution of their claims were reached at that point, and this litigation followed.

Plaintiffs commenced this proceeding on January 6, 2015. The original complaint identified Police Officer Eugene Choi, Shield #3654, along with Defendants John and Jane Does (whose identities and shield numbers at the time of filing where unknown to the plaintiffs but who were known to be police officers and employees of the New York Police Department of the 24th Precinct). Officer Choi along with the unidentified police officers were collectively referred to in the original complaint as "Officer Defendants." A copy of the original complaint is annexed to the McCullough Decl. as Exhibit B.

The original complaint set forth ten causes of action: (i) violation of 42 USC § 1983 (Excessive Force) by Plaintiff Christopher Kelly against the Officer Defendants; (ii) False Arrest and False Imprisonment by Plaintiff Christopher Kelly against all Defendants; (iii) Assault by Plaintiff Christopher Kelly against all Defendants; (iv) Battery by Plaintiff Christopher Kelly Against All Defendants; (v) Intentional Infliction of Emotional Distress by Plaintiff Christopher Kelly against all Defendants; (vi) Negligent Infliction of Emotional Distress by Plaintiff Christopher Kelly against all Defendants; (vii) False Imprisonment by Plaintiff Arleen Kelly against all Defendants; (viii) Intentional Infliction of Emotional Distress by Plaintiff Arleen Kelly against all Defendants; (ix) Negligent Infliction of Emotional Distress by Plaintiff Arleen Kelly against all Defendants; and (x) Negligent Hiring, Training, Discipline and Retention of Employment Services by all Plaintiffs against all Defendants. (McCullough Decl. Exhibit B at pp. 11-19).

Defendants filed their Answer to Plaintiff's original complaint on behalf of Defendants City of New York and Eugene Choi on June 30, 2015.

The Parties engaged in court-ordered mediation, which took place on October 8, 2015. The mediation was unsuccessful in resolving any issue in the case. However, prior to the mediation, the Parties engaged in limited discovery and initial disclosures. Defendants produced documents identifying the names and shield officers of others other than the already identified Defendant Officer Choi (although defendants failed to identify the name or identity of the one female officer present at Plaintiffs' residence during the incident as alleged in both the original and Proposed Amended Complaint. Specifically, those officers were identified as: Richard Delrosario, Shield #10355, Carlos Polanco, Shield #02054, Thomas Martilla, Shield #13956, Donald Alexandre, Shield #00143, and Lieutenant Roger Lurch. (McCullough Decl. Ex. C.)

Plaintiff Arleen Kelly has determined that, due in part to the ongoing divorce proceedings that have been initiated between her and her husband, she no longer wishes to prosecute her claims against the originally named defendants or the newly identified officers and moves this Court for permission to voluntarily dismiss her claims. (Affidavit of Arleen Kelly dated May 18, 2017 ("Arleen Kelly Aff.") ¶¶ 2-3.) Plaintiff Arleen Kelly seeks to dismiss her claims in advance of proceeding to the discovery stage of this litigation in an effort to preserve judicial resources and minimize further litigation costs. Therefore, Plaintiff Arleen Kelly respectfully requests that the Court grant her motion to voluntarily dismiss the complaint as to her individual causes of action.

Further Plaintiff Christopher Kelly seeks leave to amend his complaint to identify those officers whose names were made available in the discovery produced by the Defendants as well as to clarify certain allegations contained in the original complaint. His Proposed Amended

3

Complaint takes into consideration Plaintiff Arleen Kelly's motion herein to voluntarily dismiss her claim, and represents a streamlined version of the events which form the basis for Mr. Kelly's claims against defendants. The Proposed Amended Complaint contains the same causes of action asserted by Mr. Kelly in the original complaint.

## II. PLAINTIFF ARLEEN KELLY'S CLAIMS SHOULD BE VOLUNTARILY DISMISSED WITHOUT PREJUDICE

### A. Legal Standards on a Rule 41(a)(2) Motion

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Gap Inc. v. Stone Int'l Tranding, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997).

The Second Circuit identified five factors that a court should consider when deciding a motion for voluntary dismissal in *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). Those non-exhaustive factors are: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (citing *Zagano v. Fordham Univ.*, 900 F.2d at 14). "[N]o one of [the factors], singly or in combination with another, is dispositive." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011).

4

> B. The *Zagano* Factors Weigh in Favor of Dismissing Plaintiff Arleen Kelly's Claims

**1. Plaintiff Arleen Kelly Was Diligent in Bringing this Motion**

Courts have granted plaintiffs' motions for voluntary dismissal under Fed. R. Civ. P. 41(a)(2) where such motions are made "before discovery beg[ins] in earnest.*" Am. Fed. Of State, Cty. And Mun. Employees Dist. Council 37 Health and Security Plan v. Pfizer, Inc.*, 2013 WL 2391713 (S.D.N.Y. June 3, 2013). Though the parties participated in the initial exchange of disclosures prior to mediation, there has been no other substantial discovery or motion practice, and the case remains at the early stage of the litigation.

Though Plaintiff Arleen Kelly brings this motion to voluntarily dismiss her claims some time after the filing of the initial complaint, "[e]ven where litigation has been pending for four years, courts have not found that to be dispositive evidence that a party was not diligent." *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, 2008 WL 4127549, at *6 (S.D.N.Y. Sept.2, 2008) (citing *Thomas v. N.Y. Dep't of Corr. Servs.*, 2004 WL 1871060 (S.D.N.Y. Aug.20, 2004)); *see also Catanzano v. Wing*, 277 F.3d 99, 110 (2d Cir.2000) (even though litigation pending for 12 years, plaintiffs not dilatory in bringing motion to voluntarily dismiss).

Plaintiff Arleen Kelly brings this motion at this stage in order to preserve judicial resources, not to waste them, and brings this motion diligently at this juncture, prior to discovery and motion practice. *Am. Fed. Of State, Cty. And Mun. Employees Dist. Council 37 Health and Security Plan v. Pfizer, Inc.*, (where plaintiffs acted diligently in seeking "voluntary dismissal before any discovery, summary judgment briefing, or trial preparation…it cannot be said that Plaintiffs led Pfizer to incur significant or wasteful expenses related to this litigation."

Further, "[a] better measure of diligence is whether a plaintiff moved to dismiss the complaint without prejudice within a reasonable period of time after the occurrence of the event

5

that led to the plaintiff's decision not to pursue the action." *Ascentive, LLC v. Opinion Corp.*, 2012 WL 1569573, at * 4 (E.D.N.Y. May 3, 2012) (*citing Shaw Family Archives, Ltd.*, 2008 WL 4127549, at *6). Plaintiff Arleen Kelly has only recently separated from her husband and begun to engage in divorce proceedings, the precipitating event upon which she brings this motion. Thus, by any measure, she has been diligent in bringing this motion for voluntary dismissal.

### 2. There Has Been No Undue Vexatiousness

Plaintiff Arleen Kelly did not bring this action in the first instance to harass or annoy the defendants. Where, as here, there is no indication that the plaintiff has engaged in vexatious conduct and does not have "ill motive" in bringing the action, the second *Zagano* factor similarly weighs in favor of Plaintiff Arleen Kelly. *Benitez v. Hitachi Metals America, Ltd.*, 2012 WL 3249417 at *3 (S.D.N.Y. Aug. 6, 2012).

Further, any purported delay in bringing this motion does no amount to vexatiousness which would warrant denying Plaintiff Arleen Kelly's motion. *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 356 (E.D.N.Y. 2002) ("[A]lthough the plaintiff could have pursued the action with more vigor, there [was] no evidence to suggest that the case was brought to harass the defendant.")

### 3. The Suit Has Not Progressed to Warrant Denial of Arleen Kelly's Motion

The third *Zagano* factor – the extent to which the suit has progressed, including efforts spent in preparation for trial – also weighs in Plaintiff Arleen Kelly's favor. "The standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred." *Paulino v. Taylor*, 2017 WL 1080081, at *3 (S.D.N.Y. Mar. 15, 2017).

The parties have not exchanged discovery demands, taken any depositions or prepared in any way for trial in this action. "Where, as here, discovery remains in its early stages, this factor militates in favor of dismissal without prejudice." *Ascentive, LLC v. Opinion Corp.*, 2012 WL 1569573, at * 5; *see also Catanzano v. Wing*, 277 F.3d 99, 110 (2d Cir. 2000) (although litigation had been pending four years, "only halting discovery" had taken place and voluntary dismissal was appropriate); *Cf. Zagano*, 900 F.2d at 14 (affirming denial of motion to voluntarily dismiss action where parties had engaged in extension discovery and motion was made ten days from, or "on the eve of" trial).

Further, the litigation will continue as to Plaintiff Christopher Kelly, so any efforts defendants may assert will not be wasted in their continued defense in this litigation.

### 4. There is No Duplicative Expense of Relitigation

"The mere prospect of a second lawsuit" is insufficient to rise to the level of legal prejudice required to deny a motion for voluntary dismissal. *Ascentive, LLC*, 2012 WL 1569573, at * 6 (citing *Jones v. Sec. & Exch. Comm'n*, 298 U.S. 1). Further, any potential threat of another litigation does not weigh in defendants' favor as they would be able to use "the work that [they] ha[ve] completed in this action in defending any subsequent suit." *Id*.

Finally, should this Court grant Plaintiff Arleen Kelly's motion to dismiss her claims, the case will still proceed with Plaintiff Christopher Kelly's claims against defendants, thus any expenditure of resources by defendants in this action would not need be duplicated in any potential second action. *Allen v. Indeck Corinth Limited Partnership*, 161 F.R.D. 233, 236 (N.D.N.Y. 1995) ("defendants' effort and expense in preparing for trial will not be wasted, as there are still several plaintiffs pursuing this action.")

### 5. Arleen Kelly's Explanation for the Need to Dismiss is Adequate

Plaintiff Arleen Kelly has evaluated the financial and personal costs of continuing with this litigation and has determined she does not wish to proceed with the prosecution of her claims. (Arleen Kelly Aff. ¶¶2-3.) Cost will be increased because Mr. and Mrs. Kelly are currently in divorce proceedings and their current firm cannot as a result continue to represent both parties. (*Id*.) There is no evidence Arleen Kelly has made this motion for some tactical advantage or has any other bad faith motive for seeking to dismiss her claims. *Cf Negron v. Bank of America Corp.*, 2017 WL 1232717, at * 2 (where plaintiff conceded that his motion was "motivated by desire to relitigate discovery and statute of limitations rulings he consider[ed] too restrictive," the *Zagano* factors favored the defendants).

Further, "any shortcomings in plaintiff's explanation are not sufficient to overcome the other four factors, because the final *Zagano* factor, although surely relevant ... is alone not dispositive." *Paulino v. Taylor*, 2017 WL 1080081, at *3 (S.D.N.Y. Mar. 15, 2017) (quoting *Am. Fed. Of State, Cty. And Mun. Employees Dist. Council 37 Health and Security Plan v. Pfizer, Inc.,* 2013 WL 2391713, at *5) (internal quotations omitted).

III. **PLAINTIFF CHRISTOPHER KELLY'S MOTION FOR LEAVE TO FILE HIS AMENDED COMPLAINT MEETS THE REQUIREMENTS OF FEDERAL RULES OF CIVIL PROCEDURE 15(a)(2)**

A. **Legal Standards Governing Leave to Amend**

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[A]lthough Rule 15 requires that leave to amend be 'freely given,' district courts nonetheless retain the discretion to deny that leave in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir.2001).

The party opposing the motion for leave to amend has the burden of establishing: (i) that an amendment would be prejudicial; and (ii) that an amendment would be futile. *ResQNET.Com, Inc. v. Lansa, Inc.,* 382 F. Supp. 2d 424, 449 (S.D.N.Y. 2005), *rev'd on other grounds,* 594 F.3d 860 (Fed. Cir. 2010) (citing *Fariello v. Campbell*, 806 F.Supp. 54, 70 (E.DN.Y. 1994) and *Blaskiewicz v. County of Suffolk*, 29 F.Supp.2d 134, 137-38 (E.D.N.Y. 1998)).

### B. There is No Undue Prejudice to Defendants

To determine whether there would be undue prejudice from a proposed amended pleading, a court must consider whether the new aspects of the proposed pleading would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 284 (2d Cir.2000) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993)); *see also State Teachers Retirement Bd. V. Fluor Corp.*, 654 F.2d 843, 856 (2d Dir. 1981) (reversing denial of leave to amend where party sought to amend after learning new facts where "no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants" and where "the amendment will not involve a great deal of additional discovery.")

At this juncture in the litigation, the parties have only exchanged initial disclosures prior to mediation. Plaintiff Christopher Kelly seeks to amend his complaint based upon the identification of certain additional defendants and to clarify certain of his allegations contained in the Proposed Amended Complaint. Allowing Mr. Kelly to amend his complaint would require no additional expenditure of resources to conduct discovery, as the parties have not yet exchanged discovery demands, conducted depositions or engaged in any type of motion practice. Mr. Kelly seeks leave to amend at this early juncture in order to proceed in this litigation with

9

the operative pleading that most accurately reflects his claims against and identifies the proper defendants. *See Tardif v. City of New York*, 2015 WL 9257069, at *7 (granting leave to amend to allow plaintiff to provide additional facts and allegations as they related to existing causes of action). Further, his proposed amended complaint takes into account Plaintiff Arleen Kelly's motion for voluntary dismissal of her claim, and as such the proposed amended complaint only contains the streamlined allegations and causes of action relevant to Mr. Kelly's claims going forward. Such amendment at this stage will not significantly delay the resolution of the dispute, as the parties can proceed to the discovery phase of the action once Mr. Kelly files his amended complaint, and granting him leave to do so at this phase in the litigation will hopefully negate the need to re-plead at some later time.

Defendants may argue that any delay in bringing this motion to amend requires a finding of undue prejudice to the defendants. However, "[m]ere delay provides an insufficient basis to deny a motion to amend absent a showing of bad faith or undue prejudice." *ResQNET.Com, Inc. v. Lansa, Inc.,* 382 F. Supp. 2d at 451 (granting defendant's motion for leave to amend over plaintiff's objections that the allegations were fully known to defendant for over three years, but motion was brought within weeks of the close of fact discovery and prior to deadline for summary judgment motions). This Court has found that "parties may amend their pleadings to assert new claims long after they acquired facts necessary to support those claims." *Fernandez v. Windmill Distributing Co.*, 159 F.Supp.3d at 367 (citing *Green v. Wolf Corp.*, 50 F.R.D. 220, 223) (S.D.N.Y. 1970).

Rather than evaluating the date by which a party seeks leave to amend, "in evaluating prejudice, courts consider whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay

the resolution of the dispute'… Undue prejudice can arise when an 'amendment [comes] on the eve of trial and would result in new problems of proof.'" *Id.* (citing *Block v. First Blood Assocs.*, 988 F.2d at 350 and *Fluor Corp.*, 654 F.2d at 856).

As addressed above, despite any alleged delay in bringing this motion, defendants are not unduly prejudiced by Mr. Kelly's motion brought at this point in the litigation.

### C. The Proposed First Amended Complaint's Claims Are Not Futile

Mr. Kelly is not adding any additional claims or causes of action, and only seeks to clarify certain factual allegations in his complaint as they pertain to the already existing causes of action and to name the defendants identified in defendants' initial disclosures as being present and liable for the injuries Mr. Kelly sustained. His claims are in no way futile and track the allegations previously contained in the original complaint.

An amendment to a pleading will be deemed futile if the proposed amended claims could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Dougherty v. North Hempstead Zoning Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2nd Cir. 2002). It is defendants who bear the burden of establishing that a proposed amendment would be futile. *ResQNET.Com, Inc. v. Lansa, Inc.*, 382 F. Supp. 2d at 449.

Mr. Kelly's claims, the same causes of action he previously asserted, are not futile and would withstand a motion to dismiss should defendants decide now to make such a motion with respect to the Proposed Amended Complaint (despite previously answering and asserting affirmative defenses to the exact same causes of action). If there are "at least colorable grounds for relief," justice requires that a motion to amend be granted. *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 783 (2nd Cir. 1984) (internal quotations and citations omitted); *Schwimmer v. Guardian Life Ins. Co.*, 1996 WL 146004, at *3 (S.D.N.Y. Apr. 1, 1996) (allowing amendment where it "is not so frivolous or outlandish to render it futile"),

*aff'd*, 104 F.3d 354 (2nd Cir. 1996); *Weg v. Macciarola*, 729 F.Supp. 328, 341 (S.D.N.Y. 1990) (motion should be granted unless amendment is frivolous or facially insufficient).

Mr. Kelly's motion for leave to amend as it relates to adding the newly identified officer defendants should also be afforded the liberal standard for amended pleadings. An amendment to add parties, including replacing "John Doe" defendants with named defendants is governed by Rule 21 of the Federal Rules which permits the addition of parties "at any time, on just terms." Fed. R. Civ. P. 21; *Tardif v. City of New York*, 2015 WL 9257069, at *3; *citing Mabry v. New York City Dep't of Corrs.*, 2008 WL 619003 (S.D.N.Y. Mar. 7, 2008). Courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15(a)" in deciding whether to allow the joinder of parties under Rule 21. *Lawrence v. Starbucks Corp.*, 2010 WL 4794247, at *2 (S.D.N.Y. Dec. 10, 2009) (quoting *Soler v. G&U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980).

Mr. Kelly's claims set forth in the Proposed Amended Complaint are substantially the same as those asserted in the original complaint and would are similarly meritorious. Further, if there is any doubt as to the futility of Mr. Kelly's claims, his motion for leave to amend should be granted as "a party ought to be afforded an opportunity to test his claim on the merits." *Poloron Prods., Inc. v. Lybrand Ross Bros. and Montgomery*, 72 F.R.D. 556, 560 (S.D.N.Y. 1976) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV.  CONCLUSION

In light of the foregoing, Plaintiffs respectfully request that the Court dismiss Arleen Kelly's claims without prejudice pursuant to Fed. R. Civ. P. 41, and grant Christopher Kelly leave to file the Proposed First Amended Complaint pursuant to Fed R. Civ. P. 15.

Dated: New York, New York
May 18, 2017

**STORCH AMINI PC**

By: /s/ Steven G. Storch
Steven G. Storch
Kelly McCullough
Two Grand Central Tower
140 East 45th Street, 25th Floor
New York, NY 10017
(212) 490-4100
*Attorneys for Plaintiffs*
*Christopher and Arleen Kelly*